UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                        No. 00-4760

JUSTIN MICHAEL SWITZER,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-00-188)

Submitted: March 16, 2001

Decided: March 29, 2001

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

John C. Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Karin F. Richards, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Justin Switzer appeals the district court's denial of his motion to suppress evidence found and statements made in connection with a border search at the Washington Dulles International Airport. We affirm.

The United Customs Service identified Switzer for questioning based on several factors indicative of drug smuggling. Customs inspectors questioned Switzer and his traveling companion, Jessamyn Goshorn, once they disembarked from their flight. Based upon the nervous demeanor of Switzer and Goshorn and other factors that aroused their suspicion, customs inspectors conducted a secondary inspection, which included further questioning of the two and searching their bags. During this time, Switzer and Goshorn were nervous, and agents discovered drug paraphernalia in Goshorn's luggage. Thereafter, a pat-down search of Switzer revealed controlled substances concealed in a fanny pack under his shirt.

Switzer was arrested and indicted on two counts of importation of controlled substances (MDMA and hashish) in violation of 21 U.S.C.A. §§ 952, 960 (West 1999 & Supp. 2000) and two counts of possession of controlled substances (MDMA and hashish) with the intent to distribute, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2000). Switzer filed a motion to suppress the evidence seized and his statements made after the search, claiming Fourth Amendment violations. The district court denied the motion.

Switzer pled guilty to one count of importing MDMA, while reserving the right to appeal the denial of his motion to suppress. The Government dismissed the remaining three counts. The district court sentenced Switzer to a term of imprisonment of fifteen months, three years supervised release, and a special assessment of $100.* Switzer timely appealed.

---

*The concerns raised in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are not implicated because the sentence imposed does not exceed the statutory maximum.

Routine border searches may be conducted without a warrant or a showing of reasonable suspicion or probable cause. *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). We find that the pat-down search of Switzer was routine. *See United States v. Carreon*, 872 F.2d 1436, 1442 (10th Cir. 1989); *United States v. Charleus*, 871 F.2d 265, 267-68 (2d Cir. 1989); *United States v. Braks*, 842 F.2d 509, 511-13 (1st Cir. 1988). We further find that even if some suspicion was necessary to justify the stop and subsequent pat-down of Switzer, the district court did not err in finding that the requirement was met. Thus, we affirm the district court's denial of Switzer's motion to suppress and his subsequent conviction pursuant to his guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*